**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**W. CLARKSON McDOW, JR.,**
U.S. Trustee for Region Four,

      **Plaintiff,**

      v.                                                                                                       Civil No. 2:07cv442

**JOHN HALL MAYTON, a/k/a**
**John Hall,**

      **Defendant.**

## OPINION AND ORDER

On September 28, 2007, W. Clarkson McDow, Jr., U.S. Trustee for Region Four, ("U.S. Trustee") filed a complaint against the defendant John Hall Mayton, a/k/a John Hall ("Mayton"), seeking fines, disgorgement of fees, and injunctive relief for violations of 11 U.S.C. §110. Mayton was served with process by mail, and failed to file a response or otherwise appear in this matter. On November 7, 2007, the Court held an initial pre-trial conference, at which the defendant failed to appear. On the same day, the Court entered an Order directing Mayton to respond to the Complaint and appear at a continued pre-trial conference on December 10, 2007, and directing the United States Marshal Service to personally serve Mayton with process at two known addresses. On December 10, 2007, the Court held its continued pre-trial conference. The defendant again failed to file a response or otherwise appear. Counsel for the U.S. Trustee appeared and indicated his intent to seek entry of default judgment granting the relief sought in the Complaint, pursuant to Fed. R. Bankr. P. 7055. On December 11, 2007, the U.S. Trustee filed a Motion for Default Judgment.

Having considered the written pleadings and representations of counsel, the Court finds as follows:

1. On August 6, 2007, Teddy Lee Burns (the "Debtor") filed a voluntary petition under chapter 11, in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division. On September 14, 2007, this Court withdrew reference of the case. On September 28, 2007, the U.S. Trustee filed the Complaint.

2. The Federal Rules of Bankruptcy Procedure apply to this proceeding. See, e.g., In re: Celotex Corp., 124 F.3d 619, 629 (4th Cir. 1997); Anderson v. F.D.I.C., 918 F.2d 1139, 1143 n.3 (4th Cir. 1990). Fed. R. Bankr. P. 7004(b) authorizes service of a complaint on a defendant in an adversary proceeding by first class Untied States Mail.

3. Mayton has been properly served with process and has received timely notice of all proceedings in this matter.

4. Mayton was served with a Summons, a Complaint, and notice that his Answer was due by November 5, 2007, and that a pretrial scheduling conference would take place on November 7, 2007 using the following means as authorized by Fed. R. Bankr. P. 7004(b):

    A. On October 5, 2007, Mayton was served by mail at 42034 67th Street W., Apt. E., Lancaster, CA 93536-3889.

    B. On October 5, 2007, Mayton was served by email at j_h14@hotmail.com.

    C. On November 2, 2007, Mayton was served by email at jomayt@aol.com.

    D. On November 3, 2007, Mayton was contacted by voicemail at (432) 853-5711.

5. Mayton failed to file an Answer to the Complaint and failed to appear at the November 7, 2007, hearing.

6. Mayton was served with a Summons, a Complaint, and a Court Order stating that

the Court would entertain the Trustee's Motion for Default Judgment at a rescheduled December 10, 2007, hearing using the following means:

    A.    On November 16, 2007, a U.S. Marshal personally served Mayton's mother, Lorraine Mayton, at 42034 67th Street W., Apt. E, Lancaster, CA 93536-3889.

    B.    A U.S. Marshal attempted to personally serve Mayton at 1814 John West Road #215, Dallas, Texas 75228, but was informed by the manager of the building that Mayton had not lived there since 2005.

    C.    Mayton was served by email at j_h14@hotmail.com.

    D.    Mayton was served by email at jomayt@aol.com.

7.    Mayton failed to file a response to the Court's Order and failed to appear at the December 10, 2007, hearing.

8.    The allegations of the Complaint are deemed admitted.

9.    The U.S. Trustee is entitled to the relief requested in the Complaint, except as otherwise provided below.

10.    Mayton is an individual who has conducted business in the Eastern District of Virginia by drafting, for compensation, pleadings and documents to be filed in this Court and the United States Bankruptcy Court, and by giving legal advice to the Debtor concerning his proceedings before this Court and the United States Bankruptcy Court.

11.    Mayton represented to the Debtor that he resides in Dallas, Texas. Mayton lists his address as 1814 John West Road #215, Dallas, Texas 75228. The return of service filed by the U.S. Marshal indicates that Mayton has not lived at this address since 2005. According to the U.S. Postal Service, Mayton's mail from this address has been forwarded to his mother's residence, at 42034 67th Street W, Apt. E, Lancaster, California 93536-3889.

12.    Mayton is a "person, other than an attorney for the debtor or an employee of such

attorney under the direct supervision of such attorney," and is a "bankruptcy petition preparer," within the meaning of 11 U.S.C. § 110.

13. At all times relevant hereto, Mayton prepared "documents for filing" within the meaning of 11 U.S.C. § 110.

14. Mayton is not licensed to practice law in the Commonwealth of Virginia. He is not licensed to practice as an attorney in the states of Texas, California, North Carolina, Oklahoma, Oregon, or Louisiana. He is not now, and has never been, admitted to practice before this Court, the United States Bankruptcy Court for the Eastern District of Virginia, or the United States Bankruptcy Court for the Eastern District of North Carolina.

15. Mayton is not employed by an attorney licensed to practice law in the Commonwealth of Virginia or admitted to practice before this Court or the United States Bankruptcy Court for the Eastern District of Virginia.

16. Mayton is not employed by an attorney licensed to practice law in the State of North Carolina or admitted to practice before any state or federal court in North Carolina.

17. At the time of the filing of the Complaint, Mayton distributed bankruptcy advice under the name "John Hall" via an internet website known as "www.allexperts.com." On this website, Mayton advertised that he has the following "Expertise": "Law school graduate (J.D.) Degree; Over 25 years of experience throughout the United States in bankruptcy law matters (Chapters 7, 11, and 13 of the United States Bankruptcy Code) primarily representing individual debtors with consumer debt or small businesses; Experience has included all aspects of debtor/creditor relations." Mayton offered "FREE BANKRUPTCY HELP." He stated, "I will not charge you just to talk on the phone" and listed his phone number and personal email

address at which potential clients could contact him.

18. Mayton prepared documents filed by the Debtor in the instant Chapter 11 case: <u>In re: Teddy Lee Burns</u>, Civil Action No. 2:07cv419. Mayton also prepared documents filed by the Debtor in a civil action pending before this Court: <u>Western Capital Partners, LLC v. Brookhollow, LLC, et al.</u>, Civil Action No. 2:06cv590. In addition, Mayton prepared documents filed by the Debtor in a prior Chapter 13 case in the United States Bankruptcy Court for the Eastern District of North Carolina: Case No. 07-01500. Mayton's internet website and actions in other jurisdictions reflect his intent to prepare documents for filing in future cases, and to continue to practice law without a license to do so.

19. According to the Statement of Financial Affairs (Question #9) filed by the Debtor, the Debtor paid Mayton $275.00 to prepare documents for filing by the Debtor in the North Carolina Bankruptcy, and an additional $100 for "adversary complaint in North Carolina case and response to motion for relief/motions to dissolve bk stay." Mayton received this money prior to the filing of the instant bankruptcy case.

20. The Debtor repeatedly signed and filed documents in his bankruptcy case that were prepared by Mayton and emailed to the Debtor via his grandson. Mayton has been paid at least $375 by the Debtor, and continued to give the Debtor legal advice and to prepare pleadings after the filing of the instant chapter 11 case.

21. Mayton has violated one or more subsections of 11 U.S.C. §110 by and through the documents he prepared for the Debtor to file in this case, and in the North Carolina Bankruptcy.

22. Upon information and belief, Mayton prepared the following documents for the Debtor in this case:

5

  A. Chapter 11 petition

  B. List of Creditors Holding 20 Largest Unsecured Claims

  C. Motion to Extend Time to File Schedules

  D. Response to Motion for Relief From Stay

  E. Summary of Schedules

  F. Chapter 11 List of Equity Security Holders

  G. Bankruptcy Schedules and related Declaration

  H. Statement of Financial Affairs

  I. Statement of Current Monthly Income (Official Form B22B)

  J. Adversary Complaint

  K. Motion to Reconsider

23. Mayton has prepared pleadings for at least one other debtor in the Eastern District of Virginia. See, e.g., In re: Beverly Majette, Case No. 07-71583-SCS (Bankr. E.D. Va., Filed: July 23, 2007).

24. Mayton has been fined by at least one other court for his actions as a bankruptcy petition preparer in violation of 11 U.S.C. §110. See, e.g., In re: Jarvis, 351 B.R. 894 (E.D. Tenn. 2006).

25. Mayton offered legal advice to the Debtor on multiple occasions in connection with the Debtor's cases by, *inter alia*, drafting legal pleadings for the Debtor, advising the Debtor whether to file for bankruptcy, advising whether to file under chapter 7, 11, or 13, advising where to file, advising whether the Debtor will be able to retain his property after filing, advising the Debtor concerning how to characterize the nature of his interests in property and his debts, and concerning the procedures of bankruptcy and the Debtor's rights in bankruptcy.

26. Mayton violated section 110(e)(2) on at least four occasions, including:

    A. Advising the Debtor and drafting the Original Adversary Complaint filed by the Debtor against Western Capital Partners LLC, *et al.* on August 17, 2007.

    B. Advising the debtor and drafting the Response to Motion for Relief from Stay filed on August 21, 2007.

    C. Advising the debtor and drafting the Motion to Extend Time to File Schedules filed on August 21, 2007.

    D. Advising the Debtor and drafting the Motion to Reconsider filed on September 10, 2007.

Each such violation merits a fine of not more than $500. 11 U.S.C. §110(l)(1)

27. Section 110(b) requires a "bankruptcy petition preparer who prepares a document for filing" to "sign the document and print on the document the preparer's name and address." 11 U.S.C. §110(b)(1).

28. Mayton failed to sign and print his name and address on each of the documents he prepared for the Debtor to file in the bankruptcy court, prior to the withdrawal of reference in this case. Mayton also failed to sign the documents filed in the Debtor's other cases in this Court and the United States Bankruptcy Court for the Eastern District of North Carolina.

29. In this case alone, Mayton failed to comply with section 110(b)(1) in the preparation and filing of eleven separate documents (listed above in paragraph 18). Each violation merits a fine of not more than $500. 11 U.S.C. §110(l)(1).

30. Pursuant to 11 U.S.C. §110(b)(2), before preparing any document for filing or accepting any fees from a debtor, a bankruptcy petition preparer is required to provide the debtor with a written notice signed by the bankruptcy petition preparer under penalty of perjury, informing the debtor that the bankruptcy petition preparer is not an attorney and may not practice law or give legal advice.

31. Mayton failed to provide the notice required by section 110(b)(2) to the Debtor on multiple occasions when he prepared documents for filing by the Debtor, and accepted fees from the debtor. In fact, Mayton led the Debtor to believe that he is a licensed attorney qualified to give him legal advice. Mayton's violation of 11 U.S.C.§ 110(b)(2) merits a fine of not more than $500. 11 U.S.C. §110(l)(1).

32. Section 110(c) requires a bankruptcy petition preparer to place on each document prepared for filing an identifying number that identifies the individual who prepared the document. Mayton did not provide any identifying number on the eleven documents he prepared for filing in this case. Each violation of 11 U.S.C.§ 110(c) merits a fine of not more than $500. 11 U.S.C. §110(l)(1).

33. Section 110(f) prohibits bankruptcy petition preparers from using the word "legal" or any similar term in advertisements, or advertise under any category that includes the word "legal" or any similar term.

34. Mayton held himself out on the internet as a "law school graduate" with a "juris doctorate." Mayton used these terms to cause would-be debtors to believe he is a licensed attorney who can assist them with bankruptcy advice and filings. Mayton's website was listed under "Bankruptcy Law" in the greater AllExperts online system. The Debtor believed Mayton was an attorney licensed in Texas because of Mayton's representations.

35. Mayton's violation of 11 U.S.C.§ 110(f) merits a fine of not more than $500. 11 U.S.C. §110(l)(1).

36. Pursuant to 11 U.S.C §110(h)(2), a declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and

any unpaid fee charged to the debtor.

37. Mayton failed to properly disclose fees, as required by 11 U.S.C. §110(h)(2). Mayton's violation of 11 U.S.C.§ 110(h) merits a fine of not more than $500. 11 U.S.C. §110(l)(1).

38. Pursuant to 11 U.S.C. §110(l)(2)(D), fines for violation of subsections (b),(c),(d),(e),(f),(g) or (h) of section 110 shall be tripled if the court finds that the petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." Mayton failed to disclose his identity each of the documents he prepared for filing in this case.

39. Mayton is responsible for at least twenty-nine (29) individual violations of subsections (b),(c),(d),(e),(f),(g) or (h) of 11 U.S.C. §110, as set forth above in greater detail. These violations merit a fine of not more than $14,500. Pursuant to 11 U.S.C.§110(l)(2)(D), tripling the fine leads to a maximum total fine of $43,500.

40. Pursuant to 11 U.S.C. §110(h)(3)(B), "[a]ll fees and charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." Mayton was paid at least $375 in connection with the Debtor's two bankruptcy cases and civil action. These fees should be returned to the Debtor.

41. Pursuant to 11 U.S.C. §110(i)(1), this Court may award statutory damages to the Debtor due to Mayton's violation of section 110 and fraudulent, unfair, and deceptive conduct. Judgment in the amount of $2,000 should be awarded to the Debtor..

42. Mayton engaged in fraudulent, deceptive, and/or unfair conduct by representing himself to the public as a "Law school graduate (J.D.) Degree" with "Over 25 years

of experience throughout the United States in bankruptcy law matters (Chapters 7, 11, and 13 of the United States Bankruptcy Code) primarily representing individual debtors with consumer debt or small businesses," and that his "Experience has included all aspects of debtor/creditor relations." Mayton engaged in further fraudulent, deceptive, and/or unfair conduct by causing the Debtor to believe he was an attorney in Texas, qualified to assist the Debtor with legal advice and the preparation of documents for filing before this Court, and before the bankruptcy courts in Virginia and North Carolina. In fact, the documents Mayton prepared are unacceptable, and in violation of the Bankruptcy Code, as set forth above in greater detail.

43. Mayton provided the Debtor with legal advice in connection with preparing and filing documents and pleadings in his cases both in this district and in the Eastern District of North Carolina. By providing legal advice to the debtor, Mayton engaged in the unauthorized practice of law.

44. By engaging in the unauthorized practice of law, Mayton engaged in fraudulent, unfair, or deceptive conduct in violation of 11 U.S.C. §§ 110(j)(1) and (2). Mayton has continually engaged in conduct violating 11 U.S.C. §§ 110(j)(2)(A)(i)(I), (II), and (III). Mayton has continually engaged in conduct similar to that described in the preceding paragraphs while providing legal advice and preparing bankruptcy documents for filing by other *pro se* debtors in bankruptcy courts in this district and across the country.

45. There is no adequate remedy at law to prevent Mayton's conduct in future cases. This Court is specifically authorized to enjoin such conduct. See 11 U.S.C. §110(j).

46. John Hall Mayton should be permanently enjoined from acting as a bankruptcy petition preparer and from the unauthorized practice of law.

Accordingly, for the foregoing reasons, good cause having been shown, it is hereby

**ORDERED**:

  A. The motion of the U.S. Trustee for entry of default judgment is **GRANTED**.

  B. **JUDGMENT** is entered in favor of the U.S. Trustee.

  C. The U.S. Trustee seeks to impose the maximum potential fine of $43,500 on the Defendant. However, because the Defendant is likely unable to pay such a fine and because the Court desires to ensure that the debtor, Teddy Lee Burns, receives $2,375 from the Defendant, John Hall Mayton, a/k/a John Hall, shall only pay a fine of **$1,000** to the U.S. Trustee, for deposit as directed in 11 U.S.C. §110(l)(4)(A).

  D. John Hall Mayton, a/k/a John Hall, shall immediately forfeit **$375** in fees, and return them to the debtor, Teddy Lee Burns.

  E. John Hall Mayton, a/k/a John Hall, shall pay **$2,000.00** in statutory damages to the debtor, Teddy Lee Burns.

  F. John Hall Mayton, a/k/a John Hall is hereby **PERMANENTLY ENJOINED** from acting as a bankruptcy petition preparer in the Eastern District of Virginia, and in every other district, jurisdiction, Bankruptcy Court, or District Court of the United States of America. Mayton is further **PERMANENTLY ENJOINED** from engaging in fraudulent, deceptive, and/or unfair conduct including, but not limited to, falsely representing himself as able to lawfully provide legal advice regarding bankruptcy, financial insolvency or reorganization, or to prepare documents for filing with any United States Bankruptcy Court or United States District Court. Mayton is also **PERMANENTLY ENJOINED** from using a computer, internet website, or any other electronic means to conduct business in violation of 11 U.S.C. §110, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this court or any other United States District Court or United States Bankruptcy Court. Finally,

Mayton is **PERMANENTLY ENJOINED** from the unauthorized practice of law.

  G. All of the injunctive relief granted herein shall continue in full force and effect until such time as Mayton appears and presents evidence to this Court establishing good cause for his actions set forth above, and grounds for the removal or amendment of the terms of the injunction set forth herein.

  H. Each of the payments ordered above shall be paid in certified funds within thirty days of entry of this Order.

  I. Failure to comply with any provision of this Order may result in additional monetary sanctions, fines, penalties, contempt proceedings, or further relief.

  J. The Clerk of the Court is hereby **DIRECTED** to deliver a copy of this Order to all counsel of record, and by mail to the defendant at 42034 67th Street W, Apt. E, Lancaster, California 93536-3889, and to the debtor, Teddy Lee Burns, 232 Virginia Road, Edenton, North Carolina 27932. The Clerk is further **DIRECTED** to deliver a copy of this Order in PDF format to the defendant at the following e-mail addresses, return receipt requested: j_h14@hotmail.com and jomayt@aol.com.

  **IT IS SO ORDERED.**

                  /s/
                  Robert G. Doumar
                  UNITED STATES DISTRICT JUDGE

December 13, 2007
Norfolk, Virginia